ROBERT E. FREY, ESQ. Village Attorney, Mamaroneck
We acknowledge receipt of your letter stating that the Village of Mamaroneck operates under the village manager form of government, that the village board of trustees is contemplating the establishment of whether the village manager, mayor or board of trustees has the power to make an appointment to fill that office subsequent to its creation and prior to the first election at which a candidate for the office may be elected. You also ask whether the power to appoint to fill the initial vacancy in that office could be retained by the village board of trustees by passage of a local law if the board of trustees does not now have that power and state that the village, in 1968, adopted a local law providing that the power to appoint the acting village justice was removed from the village manager and placed with the village board of trustees. On April 20, 1977, in response to your request, we issued an informal opinion to the effect that a village has no authority to amend a state statute relating to the term, method of selection and method of filling vacancies of a village judicial official. In response to the opinion you again wrote inquiring whether the village manager, pursuant to Article 15-A of the former Village Law (§§ 360 through 374) or the village mayor, pursuant to the Village Law § 3-312, has the authority to make such appointment.
As pointed out to you in an informal opinion of this office dated January 27, 1977, even though the present Village Law makes no specific provision for the village manager form of government, those villages operating under that form of government when the present Village Law was enacted continue to operate thereunder. That statute provided, and for such a village still provides, that the administrative and executive powers of the village, including the power of appointment of officers and employees (with certain exceptions not here relevant) are vested in an officer to be known as the village manager.
The mere fact that the more typical form of village government has other provisions relating to appointments does not alter this provision, even though the particular office in question may be created in a village after the present Village Law became effective. This being the case, in a village operating under the village manager form of government, the power to make an appointment to fill a vacancy in the second office of village justice occurring by reason of creation of the office and prior to the date upon which the office can be filled in normal course by an election, lies with the village manager; the board of trustees can not by local law or other action change this power because of the provision in the New York Constitution, Article VI, § 17, subdivision d, which provides that the term, method of selection and method of filling vacancies for the judges of such a court shall be prescribed by the legislature. This is an old provision in the State Constitution which antedates the enactment of your local law in 1968 which purported to remove from the village manager and place with the board of trustees the power to appoint to the office of acting village justice.